IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **NATIONAL TRUST INSURANCE COMPANY**<br>Chief Financial Officer<br>200 East Gaines Street<br>Tallahassee, Florida 32399 | * | **CASE NO. 1:18-cv-933** |
| | * | |
| **Plaintiff,** | | |
| **VS.** | | |
| | * | |
| **INDIANA-AMERICAN WATER COMPANY, INC.**<br>c/o CT Corporation System, Registered Agent<br>150 West Market Street, Suite 501<br>Indianapolis, Indiana 46204 | * | |
| **and** | | |
| | * | |
| **JODI LEWIS, a Special Administratrix of the ESTATE OF STEPHEN LEWIS, Deceased**<br>5972 East Delaware Trail<br>Rolling Prairie, Indiana 10354 | | |
| **Defendants.** | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, National Trust Insurance Company ("NTI"), by counsel, and for its Intervening Complaint for Declaratory Judgment against Defendant, Indiana-American Water Company, Inc. ("IAWC"), and Defendant, Jodi Lewis, a Special Administratrix of the Estate of Stephen Lewis, Deceased ("Lewis"), states as follows:

### THE PARTIES

1. NTI is a Florida Corporation with its principal place of business in Florida.

2. Defendant, IAWC is an Indiana corporation with its principal place of business in Greenwood, Indiana.

3. Defendant, Jodi Lewis, is a resident of Indiana.

## JURISDICTION AND VENUE

4. This is an action for Declaratory Judgment pursuant to FRCP 57 and 28 U.S.C. §2201 to determine the rights and/or obligations of the parties pursuant to an insurance contract, which was entered into in Indiana between NTI and its named insured, H&G Plumbing Heating, Inc., of which Defendant, IAWC claims to be an additional insured.

5. Jurisdiction and venue are proper in this Court in that Defendant IAWC is a resident of Johnson County, Indiana, and the underlying events occurred in Indiana.

6. Defendant Lewis is named as a nominal party to this Declaratory Judgment Action as a claimant under the relevant insurance contract.

## THE INSURANCE CONTRACT

7. NTI issued a commercial general liability insurance policy, Policy No. UMB0009615 4, and a commercial liability umbrella policy, Policy No. No UMB 00009615, to H&G Plumbing Heating Inc. ("H&G") and had an effective policy period of October 9, 2012, through October 9, 2013 (collectively "insurance contract"). (A certified copy of the contract is attached as Exhibit 1.).

8. The insurance contract contains, among other things, terms and conditions regarding liability coverage. Specifically, the policy's Supplementary Payments — Coverages A and B section provides that:

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

  d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

  e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

  f. The indemnitee:

   (1) Agrees in writing to:

    (a) Cooperate with us in the investigation, settlement or defense of the "suit";

    (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

    (c) Notify any other insurer whose coverage is available to the indemnitee; and

    (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

   (2) Provides us with written authorization to:

    (a) Obtain records and other information related to the "suit"; and

    (b) Conduct and control the defense of the indemnitee in such "suit".

9. The contract further includes the following conditions:

  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

garvey | shearer | nordstrom

  (1) Immediately record the specifics of the claim or "suit" and the date received; and

  (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

10. The contract includes the following Endorsement:

ADDITIONAL INSURED —OWNERS, LESSEES OR CONTRACTORS — AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU — ONGOING OPERATIONS AND PRODUCTS-COMPLETED OPERATIONS.

A. Section II — Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

 1. Your acts or omissions; or

 2. The acts or omissions of those acting on your behalf in the performance of your work" for the additional insured. Such person or organization is an additional insured for liability caused by your ongoing operations and the "products-completed operations hazard."

B. All policy exclusions relating to you in the Commercial General Liability Coverage Form, including any exclusions added by endorsement, shall apply to the additional insured herein.

C. With respect to the insurance afforded to these additional insureds, the following additional exclusion applies:

This insurance does not apply to "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

 1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

 2. Supervisory, inspection, architectural or engineering activities.

D. This endorsement does not apply to any additional insureds scheduled by name on other additional insured endorsements attached to the Commercial General Liability Coverage Form.

## THE FACTS

11. IWAC was under contract to move a water main at 7326 Taft Place in Merrillville, Indiana. On April 30, 2013, IAWC and NTI's named insured, H&G, executed an Agreement concerning H&G's work on the sewer main.

12. Lewis' decedent, Stephen Lewis, was an employee of H&G.

13. On May 17, 2013, Stephen Lewis was fatally electrocuted by an energized line while working for H&G.

14. On November 14, 2014, Lewis filed suit against IWAC and other parties in the Lake Superior Court; Jodi Lewis, a Special Administratrix of the Estate of Stephen Lewis, Deceased v. IAWC et al., Cause No. 45D04-1502-CT-21 ("underlying case").

15. On May 22, 2017, IAWC's insurer, Travelers Property Casualty Company of America ("Travelers"), tendered the defense of its insured, IAWC, to H&G pursuant to the subcontract.

16. H&G has never been a party to the underlying case.

17. NTI accepted the tender of defense under a complete reservation of rights.

## THE CONTROVERSY

18. Lewis sued IAWC for damages resulting from the electrocution of Lewis' decedent.

19. IAWC requests a defense and indemnification from NTI as an Additional Insured.

20. NTI does not owe a defense or indemnification to IAWC pursuant to the terms and conditions of the relevant insurance contract.

21. The NTI insurance contract does not provide coverage, including indemnity or a defense, to IAWC for the electrocution because the named insured, H&G, is not a party to the case.

22. Additionally, the NTI insurance contract does not provide coverage, including indemnity or a defense, because NTI did not receive notice until May 22, 2017, and was prejudiced as a result.

23. The NTI insurance contract does not provide coverage, including indemnity or a defense, because the damages alleged did not arise out of H&G's ongoing operations for IAWC.

24. Further, the insurance contract does not provide coverage for the claims alleged against IAWC, as any such claims are specifically excluded under the contract.

25. Plaintiff is, therefore, entitled to a Declaratory Judgment that the insurance contract does not cover the claims arising out of the May 17, 2013, accident, that it owes no duty to provide a defense or indemnity to Defendant, IAWC, and that it has no duty to provide any payment whatsoever under the contract to any person.

**WHEREFORE**, Plaintiff prays for the following relief:

i. A Declaratory Judgment that the insurance contract does not cover the claims arising out of the accident, that it owes no duty to provide a defense for or to indemnify Defendant, IAWC, and that it has no duty to provide any payment whatsoever under the contract to any person as a result of the accident;

ii. A trial by jury on any issues so triable;

iii. Its costs incurred herein; and,

iv. Any other relief to which it may be entitled.

Respectfully submitted,

GARVEY │ SHEARER │ NORDSTROM, PSC

*/s/Jennifer K. Nordstrom*
Jennifer K. Nordstrom (21345-15)
Michelle L. Burden (24507-15)
2400 Chamber Center Drive, Suite 210
Ft. Mitchell, Kentucky 41017
Phone: (513) 445-3370
FAX: (866) 675-3676
jnordstrom@gsn-law.com
*Attorneys for Plaintiff, National Trust Insurance Company*